BMORE ESTATES LLC,

                  **Plaintiff(s),**

**v.**

**American Zurich Insurance Company,**

                  **Defendant(s).**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**Civil Action No. 3:25-cv-04018**

**<u>PRETRIAL SCHEDULING ORDER</u>**

      **THIS MATTER** having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on **August 18, 2025**; and the Court having conferred with counsel; and good cause appearing for the entry of this Order:

      **Addendum to the Joint Discovery Plan:**

**(1) A brief statement of the facts underpinning the claims or defenses in this action, as well as a brief statement of the legal issues in this case;**

      A. Claims

      Plaintiff had an insurance policy with defendant, suffered a loss, filed a claim and defendant unlawfully refused to provide coverage as required by the policy and defendant is liable to plaintiff for numerous forms of relief including but not limited to:  breach of contract/policy, violation of NJ and Maryland unfair claim settlement practices, common law bad faith claim/bad faith denial of claim, violation of NJ consumer fraud act, violation of Maryland consumer protection act, estoppel.

      B. Defenses

      Defendant promptly began an investigation into Plaintiff's claim after receiving notice of the fire damage to Plaintiff's property. As part of this,

11881104.1

Defendant issued partial payment in the amount of $39,625.86 for covered damages. Additionally, throughout the investigation, Defendant made repeated requests for additional information pertaining to the claim that construction/renovation was taking place at Plaintiff's property preceding the fire damage. The requested information has not been provided, and Defendant advised in its January 22, 2024 reservation of rights that coverage may not be available.

The American Zurich Policy provides coverage for buildings to which "'renovations and improvements', are being made." However, if there is no "construction activity" that occurs "within 60 consecutive days before the loss or damage," then there is no coverage available. To date, no information has been provided to support that "construction activity" occurred at any time in the 60 consecutive days preceding the fire damage.

Based on the foregoing, Defendant asserts that Plaintiff has not proved the occurrence of "construction activity" within 60 consecutive days preceding the loss and is not entitled to coverage.

Defendant has at all times acted in good faith.

Defendant asserts each and every term, condition, deductible, limitation and endorsement contained in the Policy.

C. Legal Issues

Plaintiff – Plaintiff had an insurance policy with defendant, suffered a loss, filed a claim and defendant unlawfully refused to provide coverage as required by the policy and defendant is liable to plaintiff for numerous forms of relief including but not limited to:  breach of contract/policy, violation of NJ and Maryland unfair claim settlement practices, common law bad faith claim/bad faith denial of claim, violation of NJ consumer fraud act, violation of Maryland consumer protection act, estoppel.

Defendant maintains that this matter should proceed as a breach of contract action, that the bad faith claim should be severed and stayed pending resolution of the breach of contract action, and that the actions for perceived violations of any unfair claim settlement practices and consumer protection statutes should be dismissed as they cannot be maintained.

11881104.1

**(2) A description of all discovery conducted by the parties to date;**

To date, no discovery has been conducted.

**(3) A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems;**

None.

**(4) A description of the parties' further discovery needs;**

See Joint Discovery Plan

**(5) The parties' estimate of the time needed to complete fact discovery;**

See Joint Discovery Plan.

**(6) A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports;**

See Joint Discovery Plan

**(7) A statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought;**

The parties do not currently anticipate any limitations in discovery.

**(8) A description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of digital information); and**

None

**(9) A statement regarding whether the entry of a Confidentiality Order will be requested.**

11881104.1

A Confidentiality Order is not being requested at this time.

11881104.1